UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                     Case No. 10-CR-41

DENNIS E. PENLTON,

        Defendant.

## ORDER GRANTING DEFENDANT'S REQUEST
## FOR AN EVIDENTIARY HEARING

On April 9, 2010, Dennis E. Penlton ("Penlton") filed a motion to suppress and requested an evidentiary hearing. (Docket No. 8.) Under this district's Local Rules, the government has 3 days in which to object to a defendant's request for an evidentiary hearing. See Crim. L.R. 12(c). These days are counted in accordance with Fed. R. of Civ. Pro. 6 which was recently amended to change the way days are counted. Under the amended rule, all days, including weekends and holidays, irrespective of the length of the period, are counted. Rule 6(a)(1)(B). Only when the *last* day of the period falls on a weekend or a holiday is the day not counted. In such circumstances, the period continues to run until the next day that is not a weekend or a holiday. If the *first* day falls on a weekend or a holiday, as was the case here, the day is still counted.

Penlton's motion was filed on April 9, 2010. The government's 3-day clock started running the next day, see Rule 6(a)(1)(A), the 10th, even though this was a Saturday. Sunday the 11th was the second day and therefore, the government's objection was due no later than Monday, the 12th.

Therefore, the government's objection filed on April 14, 2010 is untimely. However, counsel for the government did contact this court's staff to request additional time and was informed that the court would accept an objection no later than April 14, 2010. Accordingly, the court accepts the government's objection.

Turning to the merits of the defendant's request, it is well established that defendants are not entitled to evidentiary hearings as a matter of course. United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. Id. (citing United States v. Rollins, 862 F.2d 1282 (7th Cir. 1988)).

Penlton requests an evidentiary hearing to determine the legality of the search of his residence. Specifically, Penlton requests an evidentiary hearing to resolve two questions:

"1. Whether Penlton consented to officers searching the residence? . . .

2. Whether Shoate's consent was valid?" (Docket No. 8 at 2.)

The government concedes that Penlton did not consent to the search of the residence. (Docket No. 9 at 1.) Thus, this moots the first question.

The government contends that the search was authorized pursuant to the consent of Penlton's live-in girlfriend, Paula Shoate ("Shoate"). The only reason that Penlton offers to support his contention that her consent was not valid is a citation to Georgia v. Randolph, 547 U.S. 103, 122-23 (2006).

In Randolph, the Court held that if two residents are at a residence, the police cannot search that residence when one resident consents and the other refuses. Id. at 120. This does not mean that when multiple residents are present, law enforcement must get the consent of all of them or even that the police must get the consent of the person against whom the government seeks to utilize any

2

seized evidence. Rather, the consent of one resident will be vitiated only when a co-resident is physically present and expressly refuses consent. Id. at 122-123.

In the present case, Penlton did not allege in his initial motion that he expressly refused consent. Rather, he alleged only that he did not consent. This is a crucial distinction. Only an express refusal, not the mere absence of consent, will negate the consent of a co-resident. See United States v. Parker, 469 F.3d 1074, 1077 (7th Cir. 2006).

In a reply Penlton submitted following the government's objection to the request for an evidentiary hearing, Penlton contends "that he was asked by law enforcement if they could search his residence and he refused." (Docket No. 10 at 1.) Whether or not this actually occurred is a factual dispute that requires an evidentiary hearing to resolve.

As for Penlton's location when he allegedly expressly refused consent, a factor relevant to the analysis of the legal question raised by Penlton, see United States v. Henderson, 536 F.3d 776 (7th Cir. 2008), this too is a factual question that requires an evidentiary hearing to resolve.

Based upon the pleadings presented, the court understands Penlton to be challenging the propriety of the search on the sole basis that Penlton's express refusal of consent negated Shoate's consent. With this understanding of Penlton's motion, the court finds that an evidentiary hearing is required to resolve two factual disputes:

(1). Did Penlton expressly refuse to consent to law enforcement searching the residence; and, if so,

(2). Where was Penlton when he expressly refused to consent to law enforcement searching the residence?

3
Case 2:10-cr-00041-RTR   Filed 04/16/10   Page 3 of 4   Document 11

seized evidence. Rather, the consent of one resident will be vitiated only when a co-resident is physically present and expressly refuses consent. Id. at 122-123.

In the present case, Penlton did not allege in his initial motion that he expressly refused consent. Rather, he alleged only that he did not consent. This is a crucial distinction. Only an express refusal, not the mere absence of consent, will negate the consent of a co-resident. See United States v. Parker, 469 F.3d 1074, 1077 (7th Cir. 2006).

In a reply Penlton submitted following the government's objection to the request for an evidentiary hearing, Penlton contends "that he was asked by law enforcement if they could search his residence and he refused." (Docket No. 10 at 1.) Whether or not this actually occurred is a factual dispute that requires an evidentiary hearing to resolve.

As for Penlton's location when he allegedly expressly refused consent, a factor relevant to the analysis of the legal question raised by Penlton, see United States v. Henderson, 536 F.3d 776 (7th Cir. 2008), this too is a factual question that requires an evidentiary hearing to resolve.

Based upon the pleadings presented, the court understands Penlton to be challenging the propriety of the search on the sole basis that Penlton's express refusal of consent negated Shoate's consent. With this understanding of Penlton's motion, the court finds that an evidentiary hearing is required to resolve two factual disputes:

(1). Did Penlton expressly refuse to consent to law enforcement searching the residence; and, if so,

(2). Where was Penlton when he expressly refused to consent to law enforcement searching the residence?

**IT IS THEREFORE ORDERED** that Penlton's request for an evidentiary hearing is **granted**. The court's deputy clerk shall contact the parties regarding scheduling of the evidentiary hearing.

Dated at Milwaukee, Wisconsin this 16th day of April 2010.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge